Firm E-Mail: courtdocs@dickinsonwright.com

David G. Bray (#014346)
dbray@dickinsonwright.com
Bennett E. Cooper (#010819)
bcooper@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (844) 670-6009

*Attorneys for VIP Products, LLC*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>         Plaintiff,<br><br>    v.<br><br>Champagne Louis Roederer, S.A., a French corporation,<br><br>         Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Declaratory Judgment)** |

Plaintiff, VIP Products, LLC, for its complaint against defendant Champagne Louis Roederer, SA, a French corporation, by and through its undersigned counsel, Dickinson Wright PLLC, hereby alleges and states as follows:

**I.**

**THE PARTIES**

1.  Plaintiff VIP Products, LLC ("VIP" or "Plaintiff") is an Arizona limited liability company with its principal place of business at 16515 S. 40th Street, Suite 121, Phoenix, Arizona 85048.

2. Upon information and belief, defendant Champagne Louis Roederer S.A. ("Roederer" or "Defendant") is a French corporation with its principal place of business at 21 Boulevard Lundy, B.P. 66, Cedex, Reims, France.

3. Defendant is a citizen of a state other than Arizona, within the meaning of 28 U.S.C. § 1332(c)(1). Defendant has caused events to occur in Maricopa County, Arizona out of which this complaint derives.

## II.

## JURISDICTION

4. This Court has subject matter jurisdiction over this claim for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. P., as this is a case of actual controversy within the Court's jurisdiction. The Court has subject matter jurisdiction over the underlying claim pursuant to (a) 28 U.S.C § 1331, as it involves the right to use a trademark and threatened claims under the Lanham Act.

## III.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(a) and (c), as Defendants are subject to personal jurisdiction in this state.

## IV.

## JURY DEMAND

6. Plaintiff demands a trial by jury on all claims so triable.

## V.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff is engaged primarily in the business of designing, manufacturing, and marketing chew toys for dogs.

8. Plaintiff sells several lines of dog chew toys, including the "Tuffy's" line (durable sewn/soft toys), the "Mighty" line (durable toys made of a different material than the Tuffy's line), and the "Silly Squeakers" (durable rubber squeaky novelty dog toys).

9. In approximately August of 2008 VIP introduced its "Crispaw Champion" durable rubber squeaky novelty dog toy.

10. Upon information and belief, Defendant is the owner and/or the licensee of several trademarks for sparkling white wine, including "Cristal" (United States Trademark Reg. No. 4,104,350) and "Cristal Champagne" (United States Trademark Reg. No. 1,163,998). Upon information and belief, Defendant does not sell dog toys under its Cristal mark; rather its trademark registrations list the goods and services sold under that mark simply as "champagne."

11. The Crispaw durable rubber squeaky novelty dog was designed to be and is sold as a parody of Cristal Champagne. To that end, VIP designed the "Crispaw Champion" label to incorporate a few elements of the Roederer trade dress; for example VIP included a gold label. On the other hand, VIP included drastic differences from the Roederer marks and trade dress in the "Crispaw Champion" label to make it clear that it was a parody. For example, VIP selected the word "Crispaw" because it invokes dogs and because it is clearly not "Cristal".

12. On or about April 19, 2013, Plaintiff received a certified letter from a Roederer attorney based in Minneapolis, Minnesota claiming that VIP's "Crispaw Champion" novelty dog toy infringed Defendant's trademarks.

13. Roederer never filed a lawsuit against VIP following its attorney's April 19, 2013 demand letter.

14. Nearly eleven years following Roederer's initial demand letter and over fifteen years after VIP first sold its Crispaw Champion durable rubber squeaky novelty dog toy in the United States, on March 6, 2024, Roederer's counsel emailed VIP's counsel a new letter

accusing Crispaw of infringing and diluting Roederer's trademarks and trade dress and demanding that "VIP **immediately and permanently** cease manufacturing, selling, advertising, distributing, or importing the infringing 'Crispaw Champion' dog toys."

## VI.

## CLAIM FOR RELIEF

### (Declaratory Judgment)

15. Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 14, inclusive, as though set forth in full herein.

16. There is an actual and justiciable controversy between Plaintiff and Defendant regarding Plaintiff's advertising and sale of its Crispaw Champion novelty dog toy.

17. As a matter of law, Plaintiff's Crispaw Champion Novelty dog toy does not infringe or dilute any claimed trademark rights and/or trade dress rights that Defendant may claim in any trademark and/or trade dress for its "Cristal" champagne.

18. As a matter of law, Roederer's trademark dilution claim is barred by the First Amendment of the United States Constitution because the federal dilution statute, 15 U.S.C. § 1125(c)(2)(C), violates the First Amendment as the statute's reliance on whether the trademark use "harms the reputation of the famous mark" constitutes impermissible viewpoint discrimination.

19. As a matter of law, Defendant's trademark dilution claim fails because its trademark(s) and/or trade dress lack the requisite fame.

20. As a matter of law, any trademark infringement, trade dress infringement, and/or trademark dilution claims that Roederer may assert against VIP are barred both by the applicable statute of limitations and the doctrine of laches.

**WHEREFORE** Plaintiff respectfully requests that the Court:

A. Issue a judgment declaring that Plaintiff's advertisement and sale of its Crispaw Champion novelty dog toy does not infringe or dilute any trademark rights claimed by

Defendant in the name and mark "Cristal";

      B.     Issue a judgment declaring that Plaintiff's advertisement and sale of its Crispaw Champion novelty dog toy does not infringe or dilute any rights claimed Defendant in the trade dress for Cristal champagne; and

      C.     Issue a judgment declaration that 15 U.S.C. § 1125(c)(2)(C) is facially unconstitutional as it constitutes impermissible viewpoint discrimination;

      D.     Issue a judgment declaration that any trademark infringement, trade dress infringement and trademark dilution claims that Roederer may assert against VIP are barred both by the applicable statute of limitations and the doctrine of laches; and

      E.     Grant such additional or other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 19th day of March, 2024.

                            **DICKINSON WRIGHT PLLC**

                            By: s/ David G. Bray
                                David G. Bray
                                Bennett E. Cooper
                                1850 North Central Avenue, Suite 1400
                                Phoenix, Arizona 85004
                                *Attorneys for VIP Products, LLC*

4856-0670-1228 v1 [53913-8]